## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| **LAURA CARLTON, AND RUEBEN COTTON**, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNIVERSAL PROTECTION SERVICE, LP** d/b/a **ALLIED UNIVERSAL SECURITY SERVICES**<br><br>    Defendant. | **Case No.:**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND COLORADO STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Laura Carlton and Rueben Cotton ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this Original Complaint against Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal" or "Defendant"), showing in support as follows:

### I.    INTRODUCTION AND NATURE OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.    This action is also brought under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 – 8-4-123 ("CWCA"); the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 – 8-6-119; and the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1 ("CMWA").

3.    Defendant is a "leading security and facility services company"[1] that provides security personnel to safeguard its customers' locations across the country.

---

[1]    About Allied Universal, https://www.aus.com/about-us, last accessed Oct. 31, 2019.

According to its website, Defendant employs more than 200,000 individuals and has revenues exceeding $7 billion.[2]

4.    Plaintiffs are or were hourly-paid, non-exempt security guard employees of Defendant who worked at Defendant's customers' sites providing security services including patrolling, monitoring, and reporting suspicious activity. Plaintiffs and similarly situated security guards frequently earned either the applicable minimum wage or only slightly more than the applicable minimum wage. When they worked over forty hours in a workweek, which happened frequently, Plaintiffs and similarly situated security guards were eligible to receive overtime wages.

5.    Defendant's policies and/or practices with regard to Plaintiffs and similarly situated security guards violated the FLSA. Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiffs were required to perform "off-the-clock" duties that were an "integral part of [their] principal activity" pursuant to 29 C.F.R. § 553.221, including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. The time that Plaintiffs and similarly situated security guards spent completing these pre- and post-shift duties without pay was more than *de minimus*.

6.    In weeks when Plaintiffs and similarly situated security guards worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207. Because Plaintiffs and similarly situated security

---

[2]    *Id.*

guards were typically paid the minimum wage or near minimum wages, in weeks that they worked fewer than forty hours (inclusive of time worked "off-the-clock"), the requirement of working "off-the-clock" resulted in a violation of the FLSA's minimum wage provisions under 29 U.S.C. § 206.

7.     Defendant's policies and/or practices with regard to meal and rest breaks also violated relevant state laws. Defendant frequently failed to provide rest breaks required by relevant state laws, and failed to compensate security guards for "on duty" meal breaks in Colorado. As a result, Defendant failed to pay the putative Colorado Class Action Members all wages due to them during their employment with Defendant and at the time of their separation from the company.

8.     Plaintiffs seek all damages available under the law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.    THE PARTIES

### A. Plaintiff Laura Carlton

9.     Plaintiff Laura Carlton ("Carlton") is an individual who is a resident, is domiciled, and is a citizen of the State of Colorado. She has standing to file this lawsuit. She can be noticed by and through her attorneys of record, Matthew McCarley and Katherine Serrano, Forester Haynie PLLC, 400 North Saint Paul Street, Suite 700, Dallas, Texas 75201.

10.     Carlton was a security guard employee of Defendant, who reported to Allied Universal's offices at 12100 East Iliff Avenue, STE 350, Aurora, Colorado 80014. She was employed beginning in October 2021 and her employment ended July 2022.

11. On information and belief, Carlton worked for Defendant within Adams County.

12. Carlton's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

**B. Plaintiff Rueben Cotton**

13. Plaintiff Rueben Cotton ("Cotton") is an individual who is a resident, is domiciled, and is a citizen of the State of Colorado. He has standing to file this lawsuit. He can be noticed by and through his attorneys of record, Matthew McCarley and Katherine Serrano, Forester Haynie PLLC, 400 North Saint Paul Street, Suite 700, Dallas, Texas 75201. He has standing to file this lawsuit.

14. Cotton is a security guard employee of Defendant, who reported to Allied Universal's offices in Lakewood, Colorado. He began his employment on or about April 2022 until May 2023.

15. Cotton's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit B.

**C. Putative Colorado Class Action Members**

16. Plaintiffs bring this action on behalf of themselves and on behalf of other similarly situated workers in the state of Colorado as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent the proposed class of Colorado Class Action Members composed of and defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in Colorado at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock

without any compensation or who were denied compensation due to Defendant's failure to provide meal and/or rest breaks in violation of Colorado law;

Plaintiffs reserve the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

Plaintiffs are proper class representatives pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

## D. Putative Collective Action Members

17.    All Plaintiffs bring this action on behalf of themselves and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs seek to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in the United States excluding the states of Illinois, Indiana, and the District of Columbia at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

18.    Plaintiffs reserve the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

19.    Plaintiffs seek to represent the putative Collective Action Members for damages due to unpaid minimum and overtime wages and unpaid meal and rest breaks pursuant to the FLSA and applicable state law. Plaintiffs are similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

## E.    Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services

20.     Defendant Universal Protection Service, LLC is a limited liability company formed under the laws of the state of Delaware with its principle place of business located at 1551 N. Tustin Avenue, #650, Santa Ana, CA 92705, that does business as Allied Universal Security Services ("Defendant" or "Allied Universal"). It is unknown at this time the residence, domicile and citizenship of the members of Universal Protection Service, LLC. Upon information and belief, none of the members are domiciled or citizens of the State of Colorado.

21.     Defendant may be served with process through its registered agent, Corporation Service Company, located at 1900 West Littleton Boulevard, Littleton, Colorado 80120.

22.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

23.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

24.     Pursuant to Defendant's website, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## III.    JURISDICTION AND VENUE

25.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

26.     This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

27.     The United States District Court for the District of Colorado has personal jurisdiction over Defendant because Defendant does business in Colorado and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Colorado and within this District.

28.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

29.     Plaintiffs worked for Defendant as nonexempt, hourly-paid security guard employees, providing security services including patrolling, monitoring, and reporting suspicious activity. Security services might also include controlling gate access, doing badge checks, redirecting traffic, and directing individuals around secured sites, all of which are more specific tasks falling under Plaintiffs' more general patrolling, monitoring, and reporting job duties.

30.     All of the putative Class and Collective Action Members were similarly classified as nonexempt employees and paid on an hourly basis, and performed substantially similar job duties as the Plaintiffs.

31.     Plaintiff Laura Carlton worked for Defendant in the State of Colorado from October 2021 to July 2022.

32.     In many workweeks, Plaintiff Carlton was paid for precisely 40 hours of work, although she frequently worked more than forty hours in those workweeks or more than eight hours in a given workday.

33.     Plaintiff Carlton was also often paid for over forty hours of work in a workweek, and Defendant compensated her some, but not all, of the overtime premium wages she was entitled to, because Defendant did not compensate her for mandatory pre- and post-shift work duties completed before and after her shift.

34.     Plaintiff Cotton worked for Defendant in the State of Colorado from April 2022 to May 2023.

35.     In many workweeks, Plaintiff Cotton was paid for precisely 40 hours of work, although he frequently worked more than forty hours in those workweeks or more than eight hours in a given workday.

36.     Plaintiffs frequently worked at off-site locations as the sole guard on duty.

37.     Plaintiffs and similarly situated security guard employees frequently earned either the applicable minimum wage or only slightly more than the applicable minimum wage. When they worked over forty hours in a workweek, which happened frequently, Plaintiffs and similarly situated security guard employees were eligible to receive overtime wages and may have received some overtime wages.

38.     However, Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiffs were required to perform "off-the-clock" duties after their shift had ended including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard.

Plaintiffs were required to perform "off the clock" duties before their shift, including receiving briefing from the guard who had been on duty the prior shift. The time that Plaintiffs and similarly situated security guard employees spent completing these pre- and post-shift duties without pay was more than *de minimus*.

39.     Defendant's failure to compensate Plaintiffs for work they performed "off-the-clock" resulted in minimum wage and overtime violations.

40.     Plaintiffs were frequently required to come in to work 10 minutes before their shift to participate in turnover job duties, but Allied Universal did not permit them to clock in until their shifts were scheduled to begin. Defendant also required Plaintiffs to continue to secure the buildings they patrolled on behalf of Allied Universal until a relief security guard arrived to relieve them, but Defendant did not pay them for any time spent continuing to perform duties after their shifts ended.

41.     Now, as the result of Defendant's failure to pay for time worked "off-the-clock," Plaintiffs are entitled not only to their back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

42.     Such overtime violations were not limited to this particular pay period but occurred regularly throughout Plaintiffs' tenure with Allied Universal. Similar overtime violations occurred with respect to other Plaintiffs and the putative Collective and Class Action Members.

43.     Defendant's failure to pay for work performed "off-the-clock" was not limited to weeks in which Plaintiffs and the putative Collective and Class Action Members worked overtime.

44.     On information and belief, this policy or practice of Defendant to only pay wages for assigned shifts and to fail to pay for mandatory pre- and post-shift work performed "off-the-clock" was uniformly and consistently applicable to all of its security guard employees across the country.

45.     The above-described mandatory work completed "off-the-clock" was not included in Plaintiffs' and putative Class and Collective Action Members' itemized wage statements.

46.     Defendant willfully did not pay Plaintiffs and putative Class and Collective Action Members the sums due to them pursuant to work performed "off-the-clock" at the time of their separation from employment with Allied Universal.

47.     Defendant either knew or should have known that Plaintiffs were required to work "off-the-clock." Defendant could have easily determined how long it took for its security guards to complete duties performed "off-the-clock" or could have permitted Plaintiffs and similarly situated security guard employees to "clock in" as soon as they began performing job duties and "clock out" when they were fully relieved of duty.

48.     Frequently, Defendant did not send relief guards to the off-site locations where Plaintiffs worked to relieve them for meal and rest breaks. As a result, Plaintiffs often did not receive meal and rest breaks required by relevant state laws.

49.     Defendant did not pay any statutorily-prescribed penalty for its failure to relieve its workers during mandatory meal and rest breaks.

50.     On information and belief, this failure to provide all meal and rest breaks required by state law applied to all nonexempt, hourly-paid security guard employees of Defendant.

51.     Because of this policy and/or practice, Defendant failed to pay Plaintiffs and relevant putative Class Action Members all wages to which they were entitled by law.

52.     Defendant willfully failed to pay Plaintiffs and relevant putative Class Action Members the sums due to them pursuant to uncompensated or undercompensated meal and rest breaks at the time of their separation from employment with Allied Universal.

53.     Defendant intentionally and/or willfully failed to pay Plaintiffs and putative Class and Collective Action Members all wages owed in violation of the FLSA and relevant state laws.

## V.    FLSA CLAIMS FOR MINIMUM WAGES, STRAIGHT TIME COMPENSATION, AND OVERTIME PAY

54.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

### A.    FLSA Coverage

55.     All conditions precedent to this suit, if any, have been fulfilled.

56.     At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

57.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

58.     At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiffs and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

59.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B. FLSA Allegations**

60.    The FLSA applied to Plaintiffs and the putative Collective Action Members when they worked as hourly-paid security guard employees of Defendant Allied Universal at locations across the country.

61.    At relevant times, Plaintiffs and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

62.    On information and belief, thousands of hourly-paid security guard employees worked for Defendant Allied Universal in connection with its security and facility services enterprise during the three years preceding the filing of this action.

63.    During the relevant time period, Plaintiffs and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts began.

64.    Defendant's requirement that Plaintiffs perform work "off-the-clock" without compensation violated the FLSA's overtime and minimum wage provisions. 29 U.S.C. § 206, 207.

65.    Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday

and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiffs and the putative Collective Action Members were required to complete "off-the-clock," Defendant has failed to keep accurate records pursuant to the foregoing requirements.

**C. Collective Action Allegations**

66.    Plaintiffs seek to bring their claims under the FLSA on behalf of themselves and all other nonexempt hourly-paid security guard employees who were required to complete mandatory pre- and post- shift tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

67.    Plaintiffs have actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiffs worked with other nonexempt hourly-paid security guard employees who similarly did not receive compensation for time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of their co-workers during their employment with Defendant. Furthermore, other nonexempt hourly-paid security guard employees have shared with Plaintiffs that they experienced similar pay violations as those described in this Complaint.

68.     The putative Collective Action Members are similarly situated to Plaintiffs in all relevant respects, having worked on an hourly-pay basis relative to providing security guard services on behalf of Defendant as employees, and receiving no compensation for required work performed outside of scheduled shifts.

69.     The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

70.     Defendant's failure to pay minimum wages and overtime compensation in connection with mandatory pre- and post- shift work results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

71.     The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

72.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

73.     Plaintiffs propose that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide—with the exception of Indiana, Illinois, and the District of Columbia—at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

## VI.    COLORADO STATE LAW CLAIMS

74.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

A.     **Controlling Colorado State Law and Allegations**

75.     At all relevant times, Defendant has been and continues to be an employer of Plaintiffs and the putative Colorado Class Members within the meaning of the Colorado Wage Claim Act.

76.     At all relevant times, Defendant has employed, and continues to employ, employees, including Plaintiffs and the putative Colorado Class Members within the meaning of the Colorado Wage Claim Act.

77.     Defendant is a covered employer under Colorado Minimum Wage Order Number 35; it is an industry engaged in Commercial Support Service because it provides security personnel to its customers. 7 Colo. Code Regs. § 1103-1:1(A) ("any business or enterprise engaged directly or indirectly in providing services to other commercial firms through the use of service employees who perform duties such as: [. . .] security [. . .].").

78.     Consequently, Defendant was and is required to compensate its employees in Colorado at a rate not less than $13.65 effective January 1, 2023 (and prior to January 1, 2023, at the applicable minimum wage rate) for all hours worked. 7 Colo. Code Regs. § 1103-1:3.

79.     At times relevant to this lawsuit, Plaintiffs and the putative Colorado Class Members received pay at or near the minimum hourly rate established by the State of Colorado.

80.     Furthermore, Defendant was and is required to pay its employees' overtime wages at a rate of one and one-half their respective regular rates of pay for

any work over (1) forty (40) hours per workweek; (2) twelve (12) hours per workday; or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday. 7 Colo. Code Regs. § 1103-1:4.

81.    Plaintiffs and the putative Colorado Class Members often worked over forty (40) hours per workweek, and sometimes worked over twelve (12) hours per workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday.

82.    Defendant's policy or practice of requiring that Plaintiffs and the putative Colorado Class Members complete mandatory tasks before and after their shifts, while only being compensated for hours encompassed by the scheduled shift, resulted in a failure to pay all minimum and/or overtime wages owed under Colorado State Law.

83.    Colorado Minimum Wage Order Number 35 provides that employees of a covered employer shall be entitled to an uninterrupted and "duty free" meal period of at least a thirty-minute duration when the scheduled work shift exceeds five consecutive hours of work. 7 Colo. Code Regs. § 1103-1:7.

84.    Colorado Minimum Wage Order Number 35 also provides that employees are to receive compensated rest periods of ten (10) minutes for each four (4) hours of work or major fractions thereof. 7 Colo. Code Regs. § 1103-1:8.

85.    Plaintiffs and the putative Colorado Class Members are entitled to bring a private civil action with regard to Defendant's failure to afford proper meal and rest breaks pursuant to Colorado State Law. *See, e.g.*, *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1184 (D. Colo. 2018) (citing 7 Colo. Code Regs. § 1103-

1:18) ("[. . .] an employee-plaintiff may bring a private civil action for violations of the Wage Order's meal and rest period regulations.").

86.    Plaintiffs and the putative Colorado Class Members routinely worked without receiving meal and rest breaks as required by Colorado State Law.

87.    As the result of Defendant's failure to afford proper meal and rest breaks, Plaintiffs and the putative Colorado Class Members are entitled to additional wages for minimum wage violations in weeks where Plaintiffs and the putative Colorado Class Members worked fewer than forty hours, and for overtime violations in weeks where Plaintiffs and the putative Colorado Class Members worked over forty hours.

88.    Defendant was aware that its failure to pay minimum wages and overtime compensation was unlawful pursuant to Colorado State Law.

**B. Class Action Allegations**

89.    Plaintiffs brings their claims for relief under Colorado State Law, listed above, for violations of Colorado's wage and hour laws as a class action, pursuant to Rule 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

90.    <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – the Colorado Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period thousands of individuals worked for Defendant in the state of Colorado.

91.    <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the Colorado Class, including, but not limited to, the following:

a.      Whether Defendant maintained a policy or practice of failing to
provide the Colorado Class with meal and rest breaks as required by Colorado
law; and

b.      The proper measure of damages sustained by the putative
Colorado Class.

92.    Typicality (FED. R. CIV. P. 23(a)(3))—Plaintiffs' claims are typical of
those of the putative Colorado Class. Plaintiffs, like other Colorado Class Members,
were subjected to Defendant's policy or practice of failing to provide the Colorado
Class with rest and meal breaks in violation of Colorado law. Plaintiffs' job duties
and claims are typical of those of the putative Colorado Class.

93.    Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiffs will fairly and
adequately represent and protect the interests of the putative Colorado Class.

94.    Adequacy of counsel (FED. R. CIV. P. 23(g)) – Plaintiffs have retained
counsel competent and experienced in complex class actions, the FLSA, and state
labor and employment litigation. Plaintiff's counsel has litigated numerous class
actions on behalf of nonexempt employees asserting off-the-clock claims under the
FLSA and state law. Plaintiffs' counsel intends to commit the necessary resources
to prosecute this action vigorously for the benefit of all of the putative Colorado
Class.

95.    Class certification of the Colorado State Law claims is appropriate
pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant
has acted or refused to act on grounds generally applicable to the putative Colorado
Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs
and the putative Colorado Class as a whole. Plaintiffs are entitled to injunctive relief

to end Defendant's policy or practice of failing to comply with state law regarding meal and rest breaks in violation of Colorado law.

96.    <u>Predominance</u> and <u>superiority</u> (FED. R. CIV. P. 23(b)(3)) – Class certification of the Colorado State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Colorado Class predominate over any questions affecting only individual members of the putative Colorado Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative Colorado Class. The damages suffered by individual members of the putative Colorado Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

97.    <u>Notice</u> (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiffs intend to send notice to all members of the putative Colorado Class to the extent provided by Rule 23.

98.    Plaintiff proposes that the Colorado classes be defined as:

All current and former non-exempt, hourly-paid security guard employees who worked at any location in Colorado at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation or who were denied compensation due to Defendant's failure to provide meal and/or rest breaks in violation of Colorado law;

99.     Plaintiffs reserve the right to refine these definitions or establish sub-classes in the event that discovery reveals that a more appropriate class definitions exist.

## VII.   CAUSES OF ACTION

### 1.     First Claim for Relief – Violation of the FLSA

100.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

101.   The foregoing conduct, as alleged, violated the FLSA.

102.   Plaintiffs and the putative Collective Action were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

103.   Defendant was and is required to pay its employees, Plaintiffs and the putative Collective Action, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

104.   Defendant failed to pay Plaintiffs and the putative Collective Action the federally-mandated minimum wage for all hours worked under forty in a given workweek due to its policy or practice of requiring mandatory pre- and post- shift work to be completed off-the-clock without any compensation.

105.   Defendant was and is required to pay its employees, Plaintiffs and the putative Collective Action Members, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

106.   Defendant failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over 40 in

a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

107.   Accordingly, Plaintiffs and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 and 207.

108.   Defendant's conduct was willful and done to avoid paying Plaintiffs and the putative Collective Action Members minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiffs and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

109.   Plaintiffs seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**2.   Second Claim for Relief – Colorado Minimum Wage Violations, Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 – 8-4-123 ("CWCA"); the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 – 8-6-119; and the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1 ("CMWA")**

110.   The Colorado Plaintiffs incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

111.   The Colorado Wage Claim Act requires that all employees be paid minimum wages by their employers. The current applicable Colorado Minimum Wage is $13.65. 7 Colo. Code Regs. § 1103-1:3.

112.   The Colorado minimum wage is and has, at times relevant to this lawsuit, been higher than the minimum wage required by the FLSA. Therefore, the

higher Colorado minimum wage applies to Plaintiffs and all members of the putative Colorado Classes. 29 U.S.C. § 218(a).

113.   Defendant's policy or practice of requiring Plaintiffs and the putative Colorado Off-the-Clock Class Members to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these minimum wage provisions. Similarly, Defendant's failure to provide meal and rest breaks to Plaintiff and the putative Colorado Break Class Members resulted in violations of these minimum wage provisions.

114.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the putative Colorado Class Members have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under twelve hours per day ("straight time") during the six year period relevant to this lawsuit in an amount to be established at trial, and costs and attorneys' fees, pursuant to statute and other applicable law.

**3.    Third Claim for Relief – Colorado Overtime Violations, Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 – 8-4-123 ("CWCA"); the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 – 8-6-119; and the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1 ("CMWA")**

115.   The Colorado Plaintiffs incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

116.   The Colorado Wage Claim Act requires an employer to compensate its employees' overtime wages at a rate of one and one-half their respective regular rates of pay for any work over (1) forty (40) hours per workweek; (2) twelve (12)

hours per workday; or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday. 7 Colo. Code Regs. § 1103-1:4.

117.   Colorado wage and hour laws provide greater protections for workers than the FLSA. Therefore, Colorado wage and hour laws apply to Plaintiffs and the putative Colorado Class Members where they provide greater protections to workers. 29 U.S.C. § 218(a).

118.   Throughout the time period relevant to this claim for relief, Plaintiffs and the putative Colorado Class Members worked in excess of twelve hours in a workday and/or forty hours in a workweek.

119.   Defendant's policy or practice of requiring Plaintiffs and the putative Colorado Off-the-Clock Class Members to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these overtime wage provisions. Similarly, Defendant's failure to provide meal and rest breaks to Plaintiffs and the putative Colorado Break Class Members resulted in violations of these overtime wage provisions.

120.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the putative Colorado Class Members have sustained damages, including loss of earnings for hours worked over forty in a workweek, or over twelve hours per day during the six year period relevant to this lawsuit in an amount to be established at trial, and costs and attorneys' fees, pursuant to statute and other applicable law.

## VIII.  JURY DEMAND

121.    Plaintiffs hereby demand a jury trial on all causes of action and claims for relief with respect to which they and the putative Collective, and Colorado Class Action Members have a right to jury trial.

## IX.    DAMAGES AND PRAYER

122.    Plaintiffs ask that the Court issue summons for Defendant to appear and answer, and that Plaintiffs and the Collective, and Colorado Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.    An order certifying that the Colorado State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

c.    Designation of Plaintiffs Laura Carlton and Rueben Cotton as Representatives of the Colorado Class Action Members;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Colorado State law;

e.    An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f.    An award of damages including all unpaid wages at the federal, state, or locally mandated minimum wage rate, overtime compensation for all hours worked over forty in a workweek, or, in Colorado, over forty hours per workweek, twelve hours per workday; or twelve consecutive hours without regard to the starting and ending time of the workday liquidated damages, and restitution;

g.    Appropriate statutory penalties;

h.    Costs of action incurred herein, including expert fees;

i.        Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

j.        Pre-judgment and post-judgment interest, as provided by law;

k.       Such other injunctive and equitable relief as the Court may deem just and proper.


Respectfully submitted,

/s/ Matthew R. McCarley
Matthew R. McCarley
Katherine Serrano
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 346-5909
Facsimile: (214) 210-2100
mccarley@foresterhaynie.com
kserrano@foresterhaynie.com

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*